ROE, cas. eject., and E. W. HOLLAND, tenant, plaintiffs in error, *v.* DOE, ex dem., ABRAM CAMP et al., defendants in error.

(Atlanta, June Term, 1870.)

NEITHER BILL OF EXCEPTIONS NOR RECORD CERTIFIED—NO DILIGENCE BY PLAINTIFF.—Where neither the bill of exceptions nor the record is certified by the Clerk below, as required by law, and no diligence by plaintiff appears, the writ will be dismissed. (R.)

Practice Supreme Court.

In this cause there was no certificate of the Clerk to the bill of exceptions except that he certified to certain items of cost as not being paid and that he had issued fi.. fa. therefor. The cause was ejected and involved no question as to costs. To the record the Clerk had attached no certificate. Upon motion of defendants' counsel, upon the calling of the cause, the writ of error was dismissed, plaintiff showing no diligence to procure a correct certificate.

D. F. Hammond, R. S. Burch, for plaintiff in error.
Hugh Buchanon for defendant.

---

425    *GEORGE W. DYE, plaintiff in error, *v.* WM. H. MATTOX, defendant in error.

(Atlanta, June Term, 1870.)

FAILURE TO IDENTIFY RECORD OR BILL OF EXCEPTIONS—DISMISSAL OF WRIT OF ERROR.—If the certificate of the Clerk below fails to identify what purports to be the record applicable to the bill of exceptions, or the bill of exceptions, the writ of error will be dismissed. (R.)

Practice. Supreme Court. From Elbert.

The bill of exceptions averred that George W. Dye brought "complaint on note" against William H. Mattox, "on the common law side of said Court," and that Dye's counsel demurred to the plea, upon the ground of the unconstitutionality of the 17th section of the 5th Article of the Constitution of Georgia, of 1868, which demurrer was overruled. That is assigned as error.

On it is an entry of filing by the Clerk below, on the 13th of October, 1869, but no certificate. What purports to be the record, came here in four leaves of paper, not attached to the bill of exceptions or to each other. One purports to be a copy of an action by said Dye against said Mattox, brought by Toombs & DuBose, attorneys, in the usual form of "complaint on a note," with an entry of service as usual. Another leaf contains process in said last named paper in

the usual form. Another contains a plea by Mattox that the note sued on was given for slaves, a demurrer to this plea, and a judgment overruling the demurrer.

The other is a certificate that "the following pages hereunto annexed" are a true and complete copy, etc., of the proceeding "in the cause in equity in which George W. Dye is complainant and William H. Mattox is defendant;" that "the bill of exceptions, hereto annexed," is the original, etc., as usual.

Defendant's counsel moved to dismiss it, because the certificate was by its face not intended for the record of this case, on this bill of exceptions. The cause was dismissed.

McCAY, J., dissented, believing that the identity was sufficiently plain.

R. Toombs, for plaintiff in error.
Hester & Lumpkin, for defendant.